UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                        )
                                              )
  ROSEMARIE R. EDWARDS                     )    Case No. 09-16765-SSM
  CHRISTOPHER WILLIAM EDWARDS              )    Chapter 13
                                              )
                Debtors                )

**MEMORANDUM OPINION**

In this case the standing chapter 13 trustee, Thomas P. Gorman, has objected to confirmation of a chapter 13 plan that does not pay a child support arrearage claim in full. The debtors respond that, because the claim is payable to a state child support enforcement agency, the full amount of the claims need not be paid through the plan. A hearing was held on January 13, 2010, at which the debtors were present in person and were represented by their attorney of record.

Background

Rosemarie R. Edwards and Christopher William Edwards filed a voluntary petition in this court on August 20, 2009, for relief under chapter 13 of the Bankruptcy Code. On their schedules, they reported priority tax and child support claims of $80,038, unsecured claims of $132,675, combined monthly take-home pay of $7,270, and monthly living expenses of $6,763. Among the deductions shown from gross income is $346.67 per month that is withheld from Mr.

Edwards's pay pursuant to an income withholding order issued by California San Joaquin County Department of Child Support Services ("DCSS").[1]

After their initial plan was denied confirmation, the debtors filed on November 18, 2009, the modified plan that is currently before the court. It requires them to make payments to the chapter 13 trustee of $507 per month for 14 months, then $690 per month for 34 months, then $1,014 per month for 12 months, for a total of $42,726. From the payments received the trustee would pay his own statutory commission of 10%; a priority domestic support obligation to "California State Disbursement"[2] in the estimated amount of $77,322; a separately classified unsecured claim to the Internal Revenue Service at 100 cents on the dollar; and nothing on account of general unsecured claims. Two car loans and a home mortgage would be paid directly by the debtors. Finally, the debtors would bring a separate adversary proceeding to avoid ("strip off") a second deed of trust against their home as wholly unsecured.

The Internal Revenue Service has filed a proof of claim in the amount of $2,689.42 as a priority claim and $34.26 as a general unsecured claim. The state of California has not yet filed a proof of claim, and the only documentation concerning the claim is the income withholding order, which does not reflect whether the payments received are being forwarded to the custodial parent. Mr. Edwards testified that both children that are the subject of the income withholding order are now adults, and that his last contact with the mother was approximately 30 years ago.

---

[1] The amount reflected in the actual income withholding order, however, is only $312.50 per month. The difference between that amount and the amount shown on Schedule I is unexplained.

[2] "California State Disbursement Unit" is shown as the payee in the income withholding order, although California Department of Child Support Services appears to be the proper designation for the creditor.

As a result, he was unable to state whether or not the DCSS was collecting the arrears for the mother or in its own right (for example, in order to recoup welfare payments).

## Discussion

### A.

Although unsecured claims may be compromised by a chapter 13 plan in appropriate circumstances, the general rule is that claims entitled to priority under § 507 of the Bankruptcy Code must be paid in full. § 1322(a)(2), Bankruptcy Code.  Priority claims include claims for "domestic support obligations." *Id.* § 507(a)(1).  Domestic support obligations include debts for child support that accrue before, during, or after the order for relief in a bankruptcy case that are owed either to the child's parent or to a government unit if the obligation was established by a separation agreement, divorce decree, property settlement agreement, order of a court of record, or determination by a governmental unit. *Id.* §101(14A).  Child support that is owed to or recoverable by a parent has priority over child support that has been assigned to, or is owed directly to or recoverable by, a government unit. *Id.* § 507(a)(1)(A), (B).  An assigned claim is not subordinated, however, if it is "assigned voluntarily . . . for the purpose of collecting the debt." *Id.* § 507(a)(1)(B).  The distinction is important in this case because an exception to the requirement for full payment of priority claims exists for subordinated domestic support claims that fall under § 507(a)(1)(B).  Specifically, a chapter 13 plan may provide for less than full payment of such claims if the plan provides that all of the debtor's projected disposable income for 5 years will be applied to make payments under the plan. *Id.* § 1322(a)(4).  There is no free lunch, however: any amount remaining unpaid at the conclusion of the plan is not discharged and may still be collected from the debtor. *Id.* § 1328(a)(2).  Additionally, if there is, as here, an

existing wage deduction order the bankruptcy filing does not stay enforcement of the order. *Id.* § 362(b)(2)(C).

B.

From the foregoing discussion, it is clear that a plan may provide for less than full payment of an assigned child support claim, provided the plan extends for at least 60 months, which this plan does, and provided the debtors are paying their projected disposable income to payments under the plan, which the trustee does not dispute. The issue, then, boils down to who has the burden of proof as to whether an assigned child support claim was or was not voluntarily assigned for collection? Since the general rule is that assigned claims have the lower priority, and since the exception for claims voluntarily assigned for collection is grammatically a proviso, the court is inclined to place the burden of proof on the objecting party, here the trustee. Since the arrearage claim quite clearly has been assigned, and since the trustee has produced no evidence that it was voluntarily assigned by the mother for the purpose of collection, the court concludes that the plan is not unconfirmable simply because it does not pay the support arrears in full.

C.

Of course, the party with the best information as to the legal status of the claim would be the DCSS—which in turn squarely raises the issue of whether the plan properly notified the DCSS that the debtors did not propose to pay the claim in full. That is, although the DCSS did not object to confirmation, it may not have seen a need to object, since the plan appears, at least on a quick reading, to provide for full payment. Specifically, the plan lists in Section 2-B a priority claim to "California State Disbursement" for "Domestic Support Obligations" in the

4

estimated amount of $77,322, with the "Payment and Term" being shown as "Prorata 60 months." It is only when one does the arithmetic that it becomes apparent that the claim will not be paid in full. From the total plan funding of $42,726 would be deducted the trustee's commission of $4,723, leaving $38,003 for the payment of priority claims. Assuming, without deciding, that the intent of the plan is to pay the $2,689 IRS priority claim in full,[3] that would leave $35,314 to be paid on account of the child support arrears.[4]

To be sure, the standard form of chapter 13 plan in the Eastern and Western Districts of Virginia does not make ready provision for the special treatment under § 1322(a)(4) of assigned domestic support obligation claims. But it is possible to fill out the form plan in a way that provides adequate notice to the child support enforcement agency. That is, in Section 2-B, dealing with priority claims, the column for "Payment and Term" should in this case have stated something to the effect "$35,314 over 60 months; see Section 11." Then, Section 11 ("Other provisions of this plan"), could have provided, "As permitted by § 1322(a)(4) less than full payment of the § 507(a)(1)(B) priority claim of California DCSS is being made. The creditor will continue to receive payments outside the plan under the existing income withholding order." The plan would then have provided adequate notice to DCSS of the intended treatment of its

---

[3] For reasons that are unexplained, the IRS claim is treated in the plan as a separately-classified unsecured claim to be paid at 100 cents on the dollar. No reason has been advanced for treating it as a separately-classified unsecured claim rather than as a priority claim. Although the bulk of the IRS claim consists of priority taxes, a small portion consists of penalties not entitled to priority, and it is not at all clear why that portion of the claim should be paid to the detriment of the child support arrears.

[4] Since the income withholding order would presumably remain in effect during the plan term, the DCSS would receive $313 times 60, or $18,780, over the term of the plan. When added to the payments made through the plan, payments to the DCSS would total $54,094 over the term of the plan.

claim and of the need—if indeed the claim was voluntarily assigned for the purpose of collection—to object to confirmation. But as the plan now stands, the court cannot find that the plan gave DCSS proper notice of how its claim would be treated.

A separate order will be entered denying confirmation without prejudice to the filing of a modified plan providing for treatment of the support arrearage claim under § 1322(a)(4).

Date: _____       _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

Copies to:

Rosemarie R. Edwards
Christopher William Edwards
12156 Captiva Court
Reston, VA 20191
Debtors

Lois Ilaine Upton, Esquire
Robert A. Ades & Associates PC
5419-B Backlick Road
Springfield, VA 22151
Counsel for the debtors

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee